# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUSTIN R. COREY, #B-82216, | ) ) ) |
| Plaintiff, | ) Case No. 18-cv-20-JPG ) |
| vs. | ) ) |
| DONALD R. JONES, CHET L. SHAFFER, and MEDICAL STAFF, | ) ) ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Peoria Adult Transition Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff raises claims pertaining to his pretrial detention at the Franklin County Jail ("Jail") in September and October 2017. The Second Amended Complaint (Doc. 12) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Background**

On February 1, 2018, the Court reviewed Plaintiff's original Complaint pursuant to § 1915A ("February Order"). (Doc. 7). In the February Order, the Court construed the original Complaint as including the following counts:

**Count 1 –** The use of surveillance cameras in medical examination rooms and/or having correctional officers observe medical examinations violated Plaintiff's constitutional right to privacy.

**Count 2 –** The use of surveillance cameras in medical examination rooms and/or having correctional officers observe medical examinations violated HIPAA.

**Count 3 –** Defendants subjected Plaintiff to cruel and unusual punishment, in violation of the Fourteenth Amendment, by using surveillance cameras in medical examination rooms and/or having correctional officers observe medical examinations.

**Count 4 –** Jones and Shaffer violated Plaintiff's due process rights by ignoring and/or mishandling grievances.

**Count 5 –** First Amendment retaliation claim against Shaffer for retaliating against Plaintiff for filing grievances by threatening him.

(Doc. 7, pp. 3-4).

After reviewing authority relating to an inmate's limited privacy rights,[1] including authority pertaining to reasonable surveillance of inmates[2] and the viability of constitutional medical privacy claims for inmates,[3] the Court dismissed Count 1 with prejudice. (Doc. 7, pp. 4-6). Counts 2 and 4 were also dismissed with prejudice. (Doc. 7, pp. 6-8). Count 2 was dismissed because there is no private right of action under HIPAA. *See Carpenter v. Phillips,* 419 F. App'x 658, 659 (7th Cir. 2011). (Doc. 7, p. 6). Count 4 was dismissed because the Seventh Circuit has rejected any free-standing due process claim concerning a prison's grievance process. *See,* e.g., *Courtney v. Devore,* 595 F. App'x 618, 620-21 (7th Cir. 2014). (Doc. 7, p. 8). Counts 3 and 5 were dismissed without prejudice and with leave to amend. (Doc. 7, pp. 6-9).

On February 2, 2018, the Court received Plaintiff's First Amended Complaint. (Doc. 8). The amended complaint was signed on January 29, 2018 and the envelope in which Plaintiff mailed the pleading was date stamped January 30, 2018. Considering both the prisoner mailbox rule and Federal Rule of Civil Procedure 15, the Court concluded that Plaintiff had filed his amended complaint *before* the Court completed its preliminary review of the original Complaint. (Doc. 10). Therefore, the Court advised Plaintiff that he could (1) proceed with the First Amended Complaint, in which case the Court would complete a separate §1915A review of the First Amended Complaint or (2) abandon the First Amended Complaint and file a Second Amended Complaint, an option that would allow Plaintiff the opportunity to address the pleading deficiencies identified in the Court's February Order. (Doc. 10). Plaintiff filed a Second Amended Complaint on March 26, 2018, thereby selecting the second option. (Doc. 12).

---

[1] *See Franklin v. McCaughtry*, 110 F. App'x. 715, 719 (7th Cir. 2004); *Canedy v. Boardman*, 91 F.3d 30, 34 (7th Cir. 1996); *Anderson v. Romero*, 72 F.3d 518, 522 (7th Cir. 1995).
[2] *See Hudson v. Palmer*, 468 U.S. 517, 525-30 (1984); *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995); *Matthews v. Raemisch*, 513 F. App'x. 605, 608 (7th Cir. 2013).
[3] *See Franklin*, 110 F.App'x. at 718–19; *Massey v. Helman,* 196 F.3d 727, 742 n. 8 (7th Cir. 1999); *Anderson v*, 72 F.3d at 523-24.

## **The Second Amended Complaint (Doc. 12)**

According to the Second Amended Complaint, on October 12, 2017, Plaintiff's constitutional rights were violated by Defendants Jones (the Franklin County Sheriff) and Shaffer (a Lieutenant at the Jail), as well as by "numerous medical staff." (Doc. 12, p. 5). Plaintiff claims that, on the day in question, he completed a medical examination that was recorded by a surveillance camera. (Doc. 12, pp. 5-7). According to Plaintiff, the camera allowed Plaintiff's confidential medical history "to be heard, seen, and discussed" by non-medical Jail officials. (Doc. 12, p. 5). Plaintiff also claims that the camera was "placed in a strategic area where inmates are to strip down clothing," and that the camera "serves no security purpose, other than to degrade, humiliate, and inflict emotional, physical, and mental pain." *Id.* Plaintiff asserts that the camera violated his right to medical privacy, and that his allegations support a claim for intentional infliction of emotional distress. (Doc. 12, pp. 5-7).

Plaintiff complained to Jones about the camera, but Jones did not address his "request slips." (Doc. 12, p. 5). Plaintiff also complained to Shaffer about the camera. (Doc. 12, p. 6). Shaffer "refused to answer Plaintiff's request slips." *Id.* Further, Shaffer threatened Plaintiff with bodily harm for submitting the complaints. *Id.* Specifically, he said "If you pursue these claims in my jail, I'll have your ass throw[n] out on your neck so fast your head will spin." *Id.* Plaintiff claims that "it is a known fact" that Shaffer would physically assault inmates at the Jail. *Id.*

In connection with these claims, Plaintiff seeks compensatory damages. (Doc. 12, p. 8). Plaintiff also seeks an order directing the Jail to remove cameras from medical examination rooms and directing the Jail to fire or demote Shaffer. *Id.*

**Dismissal of Improper Defendant**

Plaintiff has identified a group of individuals as a defendant ("Medical Staff"). This is improper. To state a Section 1983 claim against an individual or entity, Plaintiff must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).[4] Instead, Plaintiff has attempted to implicate an amorphous collection of unnamed individuals in connection with his allegations, which is insufficient to state a claim. Accordingly, Defendant Medical Staff will be dismissed from this action with prejudice.

**Discussion**

To reflect the allegations in the Second Amended Complaint, the Court will modify Counts 3 and 5. The Court will also add Count 6 to reflect Plaintiff's attempt to assert a new state-law claim for intentional infliction of emotional distress ("IIED"). To the extent that Plaintiff is attempting to reassert Counts 1, 2, and 4, those claims were previously dismissed with prejudice. Thus, Plaintiff is foreclosed from reasserting those claims in this, or any other, action.

> **Count 3 –** Jones and Shaffer subjected Plaintiff to punishment, in violation of the Fourteenth Amendment, for allowing a surveillance camera to record Plaintiff's medical examination on October 12, 2017.
>
> **Count 5 –** First Amendment retaliation claim against Shaffer for retaliating against Plaintiff for filing grievances by threatening to physically assault him if he continued to pursue his complaints.
>
> **Count 6 –** State-law claim for intentional infliction of emotional distress against Shaffer and Jones for allowing a surveillance camera to record Plaintiff's medical examination on October 12, 2017.
> .

---

[4] Group defendants also create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr.*, No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued; each defendant must be an individual or legal entity that may accept service of a complaint) (citing FED. R. CIV. P. 4(e)-(j)).

**Count 3**

The Supreme Court has stated that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984). Nonetheless, as the Court explained in its February Order, Plaintiff is not "without a remedy for calculated harassment unrelated to prison needs." *Id.* at 530. That is, Plaintiff can state a claim by "plausibly alleg[ing] that the [incident] in question was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order or security in [the] prison [ ]." *See King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015).

Because Plaintiff was a pretrial detainee, not a convicted prisoner, his claim arises under the Fourteenth Amendment instead of the Eighth Amendment. *Mulvania v. Sheriff of Rock Island County,* 850 F.3d 849, 856 (7th Cir. 2017). The Fourteenth Amendment prohibits holding pretrial detainees in conditions that "amount to punishment." *Id.*, citing *Bell v. wolfish,* 441 U.S. 520, 535 (1979). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Id.*, citing *Bell,* 441 U.S. at 538-39).

The Second Amended Complaint does not support a Fourteenth Amendment claim. The reasons for monitoring prisoners at all times are obvious and have been discussed at length by the Seventh Circuit. *See, e.g.*, *Johnson v. Phelan*, 69 F.3d 144 (7th Cir. 1995); *Whitman v. Nesic*, 368 F.3d 931 (7th Cir. 2004); *Mays v. Springborn*, 575 F.3d 643 (7th Cir. 2009); Matthews v. Raemisch, 513 F. App'x. 605 (7th Cir. 2013). Here, Plaintiff does not allege any specific abusive conduct in connection with the recorded medical examination, nor does he allege any

improper subsequent viewing of the alleged recording. Rather he summarily declares the surveillance "serves no security purpose, other than to degrade, humiliate, and inflict emotional, physical, and mental pain." (Doc. 12, p. 5). Similarly, he claims that his medical examination was recorded "without penological justification." (Doc. 12, p. 6). These conclusory allegations, which are not supported by any factual allegations, are not sufficient to plausibly suggest that the use of a video camera, as described in the Second Amended Complaint, gave rise to a cognizable claim for the violation of Plaintiff's right to be free from punishment. *See Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009).

Count 3 shall therefore be dismissed, without prejudice for failure to state a claim upon which relief may be granted.

## Count 5

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). To establish a § 1983 claim of First Amendment retaliation, an inmate must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future;" and (3) a causal connection between the two. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citation omitted).

Here, Plaintiff's grievances and/or complaints about cameras in the nurses' station qualify as constitutionally protected activity. *Hoskins v. Lenear,* 395 F.3d 372, 375 (7th Cir. 2005). Plaintiff also alleges that Shaffer threatened him with physical violence for submitting the grievances and/or to prevent him from pursuing the matter any further. This is sufficient, at the pleading stage, to allow Count 5 to proceed.

**Count 6**

"Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant intentionally or recklessly engaged in 'extreme and outrageous conduct' that resulted in severe emotional distress." *Dent v. Nally*, No. 16-00442, 2016 WL 2865998, at *4 (S.D. Ill. May 17, 2016) (internal citations omitted). Plaintiff has not adequately pleaded such a claim. He has not alleged any improper conduct in connection with the recording of the subject medical examination. Further, when the Complaint is stripped of its conclusory allegations, Plaintiff has merely alleged that his medical examination was recorded by a surveillance camera. As previously noted, the reasons for monitoring prisoners at all times are obvious and have been discussed at length by the Seventh Circuit. Thus, it cannot be said that the use of surveillance cameras, standing alone, constitutes extreme and outrageous conduct. *See* e.g., *Lopez v. City of Chicago*, 464 F.3d 711, 720-21 (7th Cir. 2006) (detainee had viable IIED claim where he alleged that he was chained to a wall for 4 days and only received food and drink once during that time period); *Honaker v. Smith*, 256 F.3d 477, 492-93 (7th Cir. 2001) (setting a fire to burn someone's house down would constitute "extreme and outrageous" conduct). Plaintiff's allegations fail to approach this level. Therefore, the IIED claim will be dismissed without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **MEDICAL STAFF** is **DISMISSED** from this action with prejudice. The Clerk of the Court is **DIRECTED** to terminate this defendant as a party in CM/ECF.

**IT IS FURTHER ORDERED** that **JONES** is **DISMISSED** from this action without prejudice. The Clerk of the Court is **DIRECTED** to terminate this defendant as a party in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNTS 3 and 6** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNTS 1, 2,** and **4** were previously **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that **COUNT 5** shall receive further review as to **SHAFFER.**

**IT IS FURTHER ORDERED** that, as to **COUNT 5**, the Clerk of Court shall prepare for **SHAFFER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 2, 2018**

                                        **s/J. Phil Gilbert**
                                        **United States District Judge**